**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANNER DE LEON DOMINGUEZ,

    Petitioner,

v.

                                   Case No. 1:26-cv-02310-MIS-GBW

WARDEN, Torrance County Detention
Facility; MARY DE ANDA-YBARRA;
ACTING DIRECTOR, U.S. Immigration and
Customs Enforcement; U.S. ATTORNEY
GENERAL; and MARKWAYNE MULLIN,

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Danner De Leon Dominguez's Petition

for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 16, 2026.

The federal Respondents filed a Response on July 29, 2026 ("Response").[1]  ECF No. 6.  Upon

review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the

Petition.

## I.    Background

Petitioner is a noncitizen who has resided in the United States for approximately eighteen

years.  Pet. at 10.  He has a twelve-year-old daughter who was born with a congenital malformation

affecting one of her hands and suffers from significant developmental and cognitive impairments.

Id.  She requires continuous parental care, specialized support, and intense emotional support.  Id.

Petitioner is the primary financial provider for his household.  Id.  He has no criminal record.  Id.

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing
Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-
mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the
Warden did not respond to the Petition.

Nevertheless, on June 21, 2025, Petitioner was arrested while on his way to work and placed in immigration detention.  Id. at 4, 10.  It appears that he has been in detention ever since.  See id.  On September 3, 2025, an Immigration Judge issued a Removal Order against Petitioner.  Id.  Petitioner's appeal of the Removal Order is currently pending before the Board of Immigration Appeals.  Id.  Petitioner is currently detained at the Torrance County Detention Center in Estancia, New Mexico.  Id. at 1.

On July 16, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, ECF No. 1, to which the Government filed a Response, ECF No. 6.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that his prolonged detention without a bond hearing has become excessive and violates the Fifth Amendment's Due Process Clause.  Pet. at 6.

Respondents assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but acknowledge that "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court. __ F.4th __, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)." Id. at 1-2. Respondents further concede that "[t]he facts here are not materially distinguishable from those in Santillan Quiroz for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 2.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 2026 WL 1876709, at *5. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. Id. at *5, *16-17.

Additionally, and alternatively, the Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over thirteen months, with no reasonably foreseeable end in sight, is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.;

3

see also Zadvydas v. Davis,  533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Novaes Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained—absent a final order of removal—without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). Finally, the Court retains jurisdiction to ensure compliance with its Order.

IV.   **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.   The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.   Respondents are **ORDERED** to immediately release Petitioner Danner De Leon Dominguez from custody/detention without restraints beyond those that existed before his unlawful detention;

3.   Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.   Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

4

5.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE